J-S16044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH A. CARSON, | |
| Appellant | No. 1624 WDA 2016 |

Appeal from the PCRA Order September 30, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002858-2012

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED MAY 15, 2017**

Appellant, Kenneth A. Carson, appeals *pro se* from the September 30, 2016 order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take the factual and procedural history in this matter from our review of the certified record. On March 5, 2013, Appellant entered a counseled, *nolo contendere* plea to possession of a controlled substance and possession of drug paraphernalia.[1] (**See** N.T. Plea Hearing, 3/05/13, at 10-11). On May 2, 2013, the trial court imposed a sentence of not less than eighteen nor more than thirty-six months of incarceration in a state

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

correctional institution for possession of a controlled substance, and not less than six nor more than twelve months for possession of drug paraphernalia. (**See** N.T. Sentencing, 5/02/13, at 42-43). The sentences imposed were to run consecutively to each other and to another sentence for an unrelated conviction for indecent assault. (**See id.**) Appellant did not file post-sentence motions or a direct appeal.

On September 3, 2013, Appellant timely filed his first PCRA petition *pro se*. Court-appointed counsel filed a **Turner**/**Finley**[2] "no merit" letter and petition to withdraw. On December 19, 2013, the PCRA court granted counsel's petition to withdraw and issued a Rule 907 notice of its intent to dismiss Appellant's petition, and dismissed it on February 24, 2014. **See** Pa.R.Crim.P. 907(1). This Court affirmed on October 8, 2014. (**See Commonwealth v. Carson**, 108 A.3d 108 (Pa. Super. 2014) (unpublished memorandum)).

On July 17, 2015, Appellant filed his second PCRA petition *pro se*. On October 2, 2015, following proper notice, the PCRA court dismissed Appellant's petition as untimely filed. Appellant did not appeal.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On September 1, 2016, Appellant filed the instant *pro se* PCRA petition, his third.[3] The PCRA court gave notice of its intent to dismiss the petition as untimely on September 6, 2016, and dismissed it on September 30, 2016. This timely appeal followed.[4]

Appellant raises the following issues for our review:

A. Whether Count (1) and Count (3) should have merged for sentencing?

B. Whether Appellant suffered prejudice because of counsel's ineffectiveness in failure to motion fo[r] the dismissal of indictment or information on double jeopardy grounds?

C. Whether the [c]ourt erred when they [sic] did not explain [A]ppellant his rights to set up payment plans before sanctions were imposed?

(Appellant's Brief, at 2).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeless of Appellant's petition.

_____

[3] Although Appellant styled his filing as a "judicial supplemental relief from a[n] illegal sentence/sanctions," the PCRA court properly treated it as a PCRA petition. ***See*** 42 Pa.C.S.A. § 9542.

[4] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on November 9, 2016. ***See*** Pa.R.A.P. 1925(b). The PCRA court filed an opinion on November 14, 2016. ***See*** Pa.R.A.P. 1925(a).

Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed. The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). . . .

***Commonwealth v. Brown***, 141 A.3d 491, 499-500 (Pa. Super. 2016)

(case citations and some quotation marks omitted).

Here, Appellant's judgment of sentence became final on June 2, 2013, thirty days after the trial court imposed the judgment of sentence, and Appellant did not appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had until June 2, 2014, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on September 1, 2016, it is untimely on its face.

Section 9545(b) of the PCRA provides three exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* When a petition is filed outside the one-year time limit, a petitioner must plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). Further, a PCRA petition invoking one of these statutory exceptions must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant failed to invoke the applicability of any of the timeliness exceptions to the PCRA time-bar. (*See* Appellant's Brief, at 4-6). He argues that the petition is timely because a challenge to the legality of a sentence "may be entertained at any time[.]" (*Id.* at 4). However, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). Because Appellant failed to meet his burden to plead and prove that one of the timeliness exceptions applies, we conclude that his petition is untimely and the PCRA court properly found that it lacked jurisdiction to consider the merits of his claims. *See Johnston*, *supra* at 1126. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2017